NO. 07-01-0453-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 1, 2002



______________________________




RUDOLPH BELTRAN, APPELLANT



V.



TROY A. BOWERS AND NELMA B. BOWERS


D/B/A BOWERS PLASTIC AND RUBBER, APPELLEES




_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 98-501,670; HONORABLE SAM MEDINA, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON AGREED MOTION TO DISMISS


 Pending before this Court is an agreed motion to dismiss filed by appellant Rudolph
Beltran and appellees Troy A. Bowers and Nelma B. Bowers d/b/a Bowers Plastic and
Rubber by which they represent they have agreed to a compromise settlement agreement
resolving all claims arising out of the cause of action commenced by Rudolph Beltran. We
grant the motion and dismiss the appeal. Tex. R. App. P. 42.1(a)(1).

 Without passing on the merits of the case, the appeal is hereby dismissed. Having
dismissed the appeal at the request of all parties, no motion for rehearing will be
entertained and our mandate will issue forthwith. 

 Don H. Reavis

 Justice


Do not publish. 



llant appeals his conviction and sentence. His
appellate counsel has filed a motion to withdraw along with an Anders brief. Anders, 386
U.S. at 744-45. 

 In cases where an Anders brief has been filed and later a pro se response, we are
faced with two choices. We may determine that the appeal is wholly frivolous and issue
an opinion explaining that after a review of the record, we find no reversible error. See
Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005). Or, we may determine
that arguable grounds for appeal exist and remand the cause to the trial court so that new
counsel may be appointed to brief the issues. Id. at 827.

 In cases where appellate counsel has filed an Anders brief stating that there are no
arguable grounds for appeal and has filed a motion to withdraw, appellate counsel must
be allowed to withdraw. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991)
An appellant is entitled to respond to his counsel's Anders brief. Bledsoe, 178 S.W.3d at
827. If issues are raised in the pro se response that are arguable grounds for appeal, the
court cannot address the merits of the issues until the issues have been briefed by new
counsel. See Bledsoe, 178 S.W.3d at 827; Stafford, 813 S.W.2d. at 511. If the court of
appeals were to review the case and issue an opinion which addressed and rejected the
merits raised in a pro se response to an Anders brief, then appellant would be deprived of
the meaningful assistance of counsel. See Bledsoe, 178 S.W.3d at 827. Appellate
counsel cannot file an Anders brief and also file a brief raising arguable grounds for appeal. 
See Stafford, 813 S.W.2d. at 511. 

 In this matter, counsel filed an Anders brief on February 15, 2007. Appellant's
response to counsel's Anders brief was due on May 2, 2007. On May 1, 2007, counsel
received correspondence from appellant requesting assistance in responding to the Anders
brief. Counsel, attempting to assist appellant, filed a Motion for Leave to File 
Supplemental Response Brief responding to the Anders brief and Appellant's
Supplemental Response Brief presenting two issues as arguable points of appeal.
However, counsel maintains his position that appellant's appeal is frivolous and does not
attempt to withdraw his Anders brief. Counsel cannot file an Anders brief and a brief on
behalf of his client purporting to raise non-frivolous issues. "The constitutional requirement
of substantial equality and fair process can only be attained where counsel acts in the role
of an active advocate in behalf of his client, as opposed to that of amicus curiae . . . ." 
Stafford, 813 S.W.2d at 509 (quoting Anders, 386 U.S. at 744). Further, were a pro se
defendant to raise issues on his own that were non-frivolous, this court would be required
to allow counsel to withdraw and abate the matter to the trial court for appointment of new
counsel. 

 Therefore, we grant counsel's motion to withdraw, deny counsel's request to file
supplemental response brief, abate the appeal, and remand the cause to the trial court. 
Upon remand, the trial court should conduct a hearing within 30 days to determine whether
(1) appellant wishes to continue his appeal; (2) appellant remains indigent; and (3) if
indigent, appoint new counsel to represent appellant on appeal. The trial court shall direct
the newly appointed counsel, if any, to file appellant's brief within 30 days after his or her
appointment, and shall furnish the name, address and State Bar number of appointed
counsel to the Clerk of this Court immediately after the appointment is made.

 It is so ordered.

 Per Curiam

Do not publish.